The further contention is made that the verdict was a compromise. With this we do not agree. The prayer of the petition in the court below was for $728. The jury found for the plaintiff below in the sum of $564. There was evidence to warrant such finding.

We find no error in this case and the judgment of the court below will be, and the same is hereby, affirmed.

*Judgment affirmed.*

SHERICK, P. J., and MONTGOMERY, J., concur.

ROSENBLATT ET AL. *v.* BOSSE, A MINOR.

(Decided June 25, 1934.)

*Mr. S. Geismar,* for plaintiffs in error.
*Messrs. LeBlond, Morrissey, Terry & Gilday,* for defendant in error.

Ross, J. Error from the Court of Common Pleas of Hamilton county, wherein judgment was rendered in favor of the plaintiff.

This was an action for damages for injuries received from the bite of a dog owned and harbored by the defendants, Sol Rosenblatt and Anna B. Rosenblatt.

It is contended that primary liability is placed by the statute upon the owner. Section 5838, General Code, reads as follows:

"A dog that chases, worries, injures or kills a sheep, lamb, goat, kid, domestic fowl, domestic animal or person, can be killed at any time or place; and, if in attempting to kill such dog running at large a person wounds it, he shall not be liable to prosecution under the penal laws which punish cruelty to animals. The owner or harborer of such dog shall be liable to a person damaged for the injury done."

It is urged that as the statute uses the word "or" the liability is in the alternative and not joint. It is well understood today that the words "and" and "or" are so closely associated in their meaning that each may be substituted for the other, as the obvious sense of the language used requires. To us, it is manifest that the legislature did not intend to impose an alternative liability upon the owner and harborer, but, on the contrary, intended, from the use of the language found in the statute, to permit joint liability upon the owner and harborer. See *Warnemacher* v. *Torquro,* No. 23938, G. S. R., 3374. Either or both could be sued.

An examination of the other assignments of error and the basis for them causes us to conclude that no error prejudicial to the plaintiffs in error has intervened requiring reversal of the judgment of the Court of Common Pleas. The judgment is, therefore, affirmed.

*Judgment affirmed.*

HAMILTON, J., concurs.