Neulist, a Minor, et al., Appellants, v. Victor et al., Appellees.

[Cite as Neulist v. Victor, 3 Ohio App. 2d 88.]

(No. 9546—Decided January 11, 1965.)

Messrs. Davis, Rozic, Short & Roberts, for appellants.

Mr. Edward J. Utz and Messrs. Rendigs, Fry, Kiely & Dennis, for appellees.

Hildebrant, J. Plaintiff Elizabeth Neulist joined three defendants in a suit for damages for personal injuries, claiming the negligence of the driver of an automobile concurring with the actions of two dogs in fighting caused the injuries sustained.

Demurrers on the part of the two dog owners were sustained by the court and, the plaintiff not desiring to plead further, they were dismissed as defendants. Plaintiff appeals on questions of law.

Paragraphs III and IV of the petition alleged as to the dogs:

"III. Plaintiff says that on the 20th day of July, 1962, at

about 7:15 o'clock p. m. plaintiff, Elizabeth Neulist, was operating her bicycle on the public sidewalk along the east side of Beacon Street in the city of Cincinnati, Ohio, traveling in a northerly direction and when nearing 1603 Beacon Street, defendant George Crawford's dog and defendant William Victor's dog were fighting and ran into the path of the plaintiff's Elizabeth Neulist's bicycle.

"IV. Plaintiff says Elizabeth Neulist was worried and frightened by said dogs, and to avoid hitting or running into said fighting dogs and to get out of the reach of the said dogs, did alight from her bicycle and onto the street and was proceeding next to the east curb when she was struck and run over by a Ford automobile being operated by the defendant Robert Whalen, causing bodily injury to plaintiff Elizabeth Neulist, who was then 8 years of age."

Liability of the owner or keeper of a dog for any damage or injury caused by such dog is absolute, subject only to certain statutory exceptions, not claimed here, and the qualification that the actions of the dog were the proximate cause of the injury or damage. In such a case the issues to be submitted to a jury are (1) ownership or keepership of the dog; (2) were the actions of the dog the proximate cause of the damages; and (3) the amount of the damages. See *Hirschauer v. Davis*, 163 Ohio St. 105.

Ordinarily, the issue of causation of injury by negligence or by a dog is peculiarly within the province of the jury. If reasonable minds may differ on the conclusions to be drawn from the evidence, in this case from the allegations contained in the petition, the court should not substitute its reasoning for that of the jury on the question of proximate cause.

The petition alleges the actions of the dogs concurred in causing the damage, which states a cause of action, so that, in its ruling on the demurrers, the court necessarily decided the question of cause or proximate cause as a question of law. This we consider to be error prejudicial to the plaintiff. On demurrer the court is required to take the allegations of the petition as true and give every favorable interpretation to the pleader. Paraphrasing the language of the issue of proximate cause in cases of negligence, we feel that different reasonable inferences might be drawn from the allegations of the petition in

Paragraphs III and IV and, therefore, the question of cause or proximate cause of the actions of the dogs concurring with the alleged negligence of the driver of the automobile does state a cause of action requiring those issues to be submitted to a jury.

The judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

Hover, P. J., and Long, J., concur.