OHIO CASUALTY INSURANCE COMPANY ET AL., APPELLEES, *v.* ROBISON, APPELLANT.

(No. 81 CA 26—Decided February 12, 1982.)

*Messrs. Thompson, Dunlap & Hey-* dinger and *Mr. Thomas A. Heydinger,* for appellees.

*Messrs. Smith & Menz* and *Mr. Jerome G. Menz,* for appellant.

BROGAN, J. This action began in the Urbana Municipal Court, Champaign County, with the filing of a complaint by plaintiffs-appellees, the Ohio Casualty Insurance Co. and Catherine A. McMackin, against Ralph Robison, defendant-appellant.

The complaint filed August 14, 1980, alleged that plaintiff, the Ohio Casualty Insurance Co., was the subrogee of the plaintiff, Catherine A. McMackin; that on December 29, 1979, the defendant's dog ran into a public highway into the path of plaintiff McMackin's automobile then being operated by William B. McMackin; and that the automobile then left the roadway causing damage to the automobile.

Upon the issues being joined, trial was held to the court on August 12, 1981, and the trial court made findings of fact and conclusions of law and upon these findings of fact and conclusions of law found for the plaintiffs, and for the Ohio Casualty Insurance Co. in the sum of $2,267.16, and for Catherine A. McMackin in the sum of $250.

The trial court's findings of fact, conclusions of law, memorandum of decision and journal entry of judgment were filed September 14, 1981, and defendant's Notice of Appeal from this final order was filed October 14, 1981. The case is now before this court for review upon the error assigned.

No trial transcript or notes of testimony were taken.

The record is complete for the purpose of review upon the trial court's findings of fact which are summarized as follows:

1. That on December 29, 1979, the defendant, Ralph E. Robison, was the owner of a dog of indiscriminate breed;

2. That on December 29, 1979, Robison's dog ran into a public roadway

known as Mennonite Church Road, a two-lane public roadway situated in Champaign County, Ohio;

3. That the plaintiff, Catherine A. McMackin, on December 29, 1979, was the owner of a 1978 Buick Regal automobile then driven by her husband, William B. McMackin, in a westwardly direction on the Mennonite Church Road;

4. That upon Robison's dog entering the roadway in front of the McMackin vehicle, the driver of the plaintiff's automobile swerved the automobile in an attempt to miss the dog and was caused to go left of center and overturn the vehicle in a ditch, causing damage to said automobile;

5. That as a result of the above, plaintiff's vehicle sustained damage in the sum of $2,517.16;

6. That on December 29, 1979, the plaintiff, the Ohio Casualty Insurance Co., insured the 1978 Buick Regal automobile owned by the plaintiff, Catherine A. McMackin, and that under the terms of its insurance agreement with plaintiff, it paid the sum of $2,267.16 for the repair of the vehicle, while she paid the sum of $250 under the terms of the policy's deductible clause.

I

"The trial court erred upon holding that O.R.C. Section 955.28 permitted plaintiffs to recover upon absolute liability upon defendant's permitting the dog to run at large upon a public highway."

The owner of an errant dog that strays upon the public highways is held to strict liability for damage or harm caused by such straying. *Hirschauer* v. *Davis* (1955), 163 Ohio St. 105 [56 O.O. 169].

In the *Hirschauer* case, a dog ran in front of the plaintiff's tractor-trailer outfit, which swerved to miss it and overturned. The first two paragraphs of the syllabus state:

"1. An action for damages alleged to have been caused by a dog exists by reason of Section 955.28, Revised Code, is purely statutory, and is not based on negligence.

"2. Section 955.28, Revised Code, imposes an absolute liability on the owner or keeper of a dog for any damage or injury caused by that dog, subject only to the exceptions contained in the second sentence of such section and the qualification that the actions of the dog were the proximate cause of the damage or injury."

After discussing the amendment to Section 5838, General Code (now R.C. 955.28), the court, at page 108, adopted the court of appeals' interpretation of the statute which stated:

" '* * * In the earlier section, the liability for "such dog" was unqualified. In the present section, there are exceptions in favor of the owner or keeper, against a trespasser, or where the person injured was teasing or tormenting the dog. The net result of these changes is now, with the exceptions noted, which are inapplicable to the facts herein involved, to make the owner or keeper of a dog liable for damages proximately caused by the owner's or keeper's dog; the statement in the present statute, referring to chasing, worrying, etc., applying to the animal which may be killed. This part of the section is completely divorced from that part of the section dealing with the liability of the owner or keeper of a dog. No clearer language could be used: "The owner or keeper shall be liable for any damage or injuries caused by a dog." ' "

The issues to be decided by the trier of facts in an action under R.C. 955.28 are (1) ownership or keeping of the dog, (2) whether the actions of the dog were the proximate cause of the damage, and (3) the monetary amount of the damage. *Hirschauer,* paragraph three of the syllabus. See, also, *Neulist* v. *Victor* (1965), 3 Ohio App. 2d 88, 89 [32 O.O.2d 165].

Appellant does not contest the findings of fact or conclusions of law as they relate to the above-stated issues.

Recently, the Ohio Supreme Court in *Reed* v. *Molnar* (1981), 67 Ohio St. 2d 76 [21 O.O.3d 48], in a *per curiam* opinion held that R.C. 951.02 does not impose strict liability on the owner of cattle for damages resulting from them straying on a highway. The legislature has not seen fit, however, to similarly treat the owner of dogs that stray and cause damage. Dogs indeed may be man's "best friend" but when they get a touch of wanderlust, their owners shall in the wisdom of the legislature be held strictly accountable. Appellant's remedy is to seek more evenhanded treatment from the Ohio Legislature. The assignment of error is overruled.

The judgment is affirmed.

*Judgment affirmed.*

PHILLIPS and WILSON, JJ., concur.