DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from the judgment of the Bowling Green Municipal Court which granted summary judgment to appellee, Christopher A. Bullis. For the reasons that follow, we affirm the decision of the trial court.
The relevant facts are as follows. On September 7, 1998, appellee, Christopher Bullis, was operating his motor vehicle on Van Tassel Road in Weston Township, Wood County, Ohio. Appellee was traveling at approximately forty-three m.p.h. The weather conditions were foggy, and appellee did not notice a dog sitting in his lane of travel until he was ten or fifteen feet away from it. Appellee applied his brakes, swerved and skidded approximately two and one-half car lengths. The vehicle hit a tree and was disabled. Appellee sustained minor injuries.
Appellant Gloria Valentine stated that she had acquired the dog in May 1998. She and the dog resided at 15436 Van Tassel Road at the residence owned by appellee Helen Bain, Gloria's mother.
On September 28, 1998, appellee commenced the instant action in Bowling Green Municipal Court, Small Claims Division, for damages incurred in the repair of his motor vehicle. The action was transferred to the regular docket of the Bowling Green Municipal Court at appellants' request. Both parties filed motions for summary judgment, and on August 31, 1999, the trial court granted appellee's motion for summary judgment and denied appellants' motion. An October 7, 1999 assessment of damages trial was set without objection from the parties. On August 5, 1999, Helen Bain died. Appellee, on October 7, 1999, filed a motion for substitution of parties in order to substitute the Estate of Helen Bain as the proper party in the proceeding. On the same date, the damages hearing was held. On October 21, 1999, the trial court granted the motion for substitution and awarded appellee damages in the amount of $4,000. It is from the trial court's above decisions that appellants now appeal.
Appellants assert the following assignments of error:
 "I. THE TRIAL COURT ERRED AS A M[A]TTER OF LAW BY GRANTING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WHEN A GENUINE ISSUE OF A MATERIAL FACT EXISTED TO THE PROXIMATE CAUSE OF THE PLAINTIFF'S INJURIES.
 "II. THE TRIAL COURT ERRED BY FAILING TO APPLY A MEASURE OF DAMAGES BASED ON THE DIMINUTION OF THE FAIR MARKET VALUE OF THE PLAINTIFF'S VEHICLE."
On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 67; Civ.R. 56(C).
In their first assignment of error, appellants contend that the trial court overlooked the issue of causation, specifically, the lack of due care exercised by appellee, when it determined that appellee was entitled to judgment as a matter of law.
In its August 31, 1999 Decision and Judgment Entry, the trial court determined that R.C. 955.28(B) imposed strict liability on appellants for the accident. R.C. 955.28(B) provides:
 "(B) The owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog, unless the injury, death, or loss was caused to the person or property of an individual who, at the time, was committing or attempting to commit a trespass or other criminal offense on the property of the owner, keeper, or harborer, or was committing or attempting to commit a criminal offense against any person, or was teasing, tormenting, or abusing the dog on the owner's, keeper's, or harborer's property."
The Supreme Court of Ohio has interpreted an earlier form of this statute to require a party, in order to recover damages, to establish: (1) ownership, keeping or harboring of the dog; (2) whether the actions of the dog were the proximate cause of the damages; and (3) the monetary amount of the damages. SeeHirschauer v. Davis (1955), 163 Ohio St. 105, paragraph two of the syllabus, 109. See, also, Ohio Cas. Ins. Co. v. Robison
(1982), 5 Ohio App.3d 223, 224.
Appellants do not dispute that Gloria Valentine was the owner of the dog on the date of the incident and, while they deny that Helen Bain was either the owner or keeper of the dog, they do not deny that she was the harborer of the dog. Appellants do argue that the fact that appellee was driving at an allegedly excessive speed, in violation of the assured clear distance statute, and in light of the foggy conditions and that the dog was "sitting passively in the road" creates an issue of fact relative to the proximate cause of the accident. This court disagrees.
The record is devoid of evidence that appellee was driving erratically prior to the accident. The trial court specifically found that:
 "Plaintiff was traveling to work. Although it was foggy, he adjusted for the conditions by driving 10-15 miles per hour under the posted limit. When his vehicle went off the road due to the presence of the dog it went through the defendants' yard. That damage, therefore, was also a result of the dog's presence in the road."
As to the dog's "passive" presence in the road, appellants cite Smith v. Jett Hill Farms (1989), 61 Ohio Misc.2d 338. In Smith, the trial court found that where the plaintiff was injured when he fell after being entangled in the dog's chain, a genuine issue remained as to whether the dog was more than a "passive instrumentality in the chain of events" leading to the plaintiff's injury. Id. at 341.
Unlike Smith, we agree with the trial court and appellee that the facts of this case are similar to those in Ohio Cas. Ins.Co. v. Robison (1982), 5 Ohio App.3d 223. In Robison, the appellant's dog ran onto a two-lane public highway. Id. at 223-224. Appellee, in order to avoid hitting the dog, swerved and overturned the vehicle in a ditch causing damages. Id. at 224. The court, upholding the trial court's findings of liability and award of damages, concluded that unlike R.C. 951.02 which does not impose strict liability on the owners of cattle which stray on the roadway:
 "The legislature has not seen fit, however, to similarly treat the owner of dogs that stray and cause damage. Dogs indeed may be `man's best friend' but when they get a touch of wanderlust, their owners shall in the wisdom of the legislature be held strictly accountable. Appellant's remedy is to seek more evenhanded treatment from the Ohio Legislature." Id. at 225.
The mere fact that in Robison the dog was in the act of running onto the roadway and, here, the dog was sitting on the roadway does not change the result in this case. If the dog had not strayed onto the roadway, the accident would not have happened. Accordingly, the elements under R.C. 955.28 have been proven by a preponderance of the evidence and appellants' first assignment of error is not well-taken.
In their second assignment of error, appellants argue that the trial court failed to apply the correct measure of damages in determining the amount of the award. Specifically, appellants argue that the trial court erroneously applied a measure of damages based upon the cost of repair rather than diminution of value.
The vehicle in question is a 1990 GMC Jimmy. Appellee purchased the vehicle in December 1997 for $4,000 and, at that time, it had 123,000 miles on the odometer. At the time of the accident it had 157,000 miles on the odometer. In awarding damages in the amount of $4,000, the trial court determined that:
 "* * * the repair of plaintiff's vehicle up to $4,000.00 was reasonable based upon the vehicle's fair market value at the time of the accident. The plaintiff testified that he paid $4,000.00 for the vehicle. While the usual measure of damages in a case such as this would be the difference between the fair market value of the car before and after the accident, an alternative method — the cost of repair — is an acceptable measure of damages if the cost of repair does not exceed the amount of damages that would be arrived at using the primary measure of damages."
The trial court then acknowledged that there was no evidence presented as to the diminution of value. Appellants provided the court with the NADA Appraisal Guide which listed the retail value of the vehicle at $6,100. After consulting with National Market Reports, Inc. Red Book, the trial court found the range of retail value to be from $6,825 to $8,225. Based upon this information, the court determined that appellee's expenditure of more than $4,000 to repair a vehicle worth at least $6,100 was reasonable and limited the recovery to the amount he paid for the vehicle, or $4,000.
Appellants are correct in stating that the usual measure of damages for a vehicle involved in an accident is the difference between the fair market value of the vehicle before the accident and the fair market value of the vehicle after the accident.Falter v. Toledo (1959), 169 Ohio St. 238, paragraph one of the syllabus. However,
 "While the usual measure of damages in a case such as this would be the difference between the fair market value of the car before and after the accident, an alternative method — the cost of repair — is an acceptable measure of damages if the cost of repair does not exceed the amount of damages that would be arrived at using the primary measure of damages. In other words, the cost of repair must not exceed the diminution in market value. Nor may the cost of repair exceed the fair market value of the property before the accident." Allstate Ins. Inc. v. Reep (1982), 7 Ohio App.3d 90, 91.
Again, according to the trial court's decision, at the October 7, 1999 hearing there was evidence presented by appellants that the pre-accident value of the vehicle was $6,100. No evidence was presented as to the value of the vehicle immediately after the accident. The trial court, after conducting its own research, determined that because the vehicle was worth at least $6,100, that expending $4,200 for repairs was reasonable. The court, however, limited appellee's recovery to $4,000, the cost of the vehicle. Based upon the evidence before us, we find that it is unlikely that the $4,000 award exceeded the fair market value of the vehicle at the time of the accident.[1] Accordingly, appellants' second assignment of error is not well-taken.
On consideration whereof, we find that substantial justice was done the party complaining, and the judgment of the Bowling Green Municipal Court is affirmed. Court costs are to be paid by appellants.
JUDGMENT AFFIRMED.
 _______________________________ Richard W. Knepper, P.J., JUDGE
 Mark L. Pietrykowski, J., JUDGE CONCUR.
James R. Sherck, J., dissents.
[1] Prior to 1986, a trial court's continuing jurisdiction to modify an indefinite sustenance support award was implied. Wolfev. Wolfe (1976), 46 Ohio St.2d 399. R.C. 3105.18 was amended in 1986 to require express reservation of continuing jurisdiction.