DECISION.
{¶ 1} Plaintiff-appellant Salina Jones appeals from the trial court's entry of summary judgment for defendants-appellees Richard and Audre Goodwin (hereinafter "the Goodwins"). For the following reasons, we affirm.
 Factual Background {¶ 2} Jones was attacked by a pit bull owned by her neighbor, defendant Michelle Williams. Williams kept the pit bull in a cage in her back yard. The dog chewed through the cage and attacked Jones. Jones filed suit against both Williams and the Goodwins, Williams's landlords. Jones's parents also joined the lawsuit, bringing forth a claim for loss of consortium. The Goodwins filed a motion for summary judgment, and the case was initially referred to a magistrate, who granted summary judgment to the Goodwins. Jones filed objections to this decision. The trial court denied Jones's objections and adopted the magistrate's decision.
 {¶ 3} Jones has appealed from the trial court's entry of summary judgment.[1] The appeal presents two assignments of error, which we address in order.
 Standard of Review {¶ 4} This court reviews a grant of summary judgment de novo, without any deference to the trial court's decision.[2]
Summary judgment may appropriately be granted only when there exists no genuine issue of material fact; the movant is entitled to judgment as a matter of law; and the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion that is adverse to the nonmoving party.[3]
 Liability Under R.C. 955.28 {¶ 5} Jones first argues that the Goodwins were statutorily liable for her injuries under R.C. 955.28, which provides, "The owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog."[4] For liability to be imposed under this provision, the defendant must either be an owner, keeper, or harborer of a dog. It is undisputed that the Goodwins were not owners or keepers of the pit bull. Their liability hinged on whether they had harbored the dog.
 {¶ 6} In determining whether a particular person harbors a dog, "the focus shifts from possession and control over the dog to possession and control of the premises where the dog lives."[5] "A person who is in possession and control of the premises where the dog lives, and silently acquiesces in the dog being kept there by the owner, can be held liable as a harborer of the dog."[6] In a situation involving a landlord and a tenant, a landlord cannot be a harborer of a dog that is kept on premises that the tenant has sole control over.[7] Thus, the Goodwins were only liable as harborers if they had possession and control of the area where Williams kept the pit bull, and if they had acquiesced in her keeping the dog in that particular area.
 {¶ 7} As we have already stated, Williams leased her home from the Goodwins. Williams was in sole possession and control of the property, except for the garage, which the Goodwins had retained possession and control of in exchange for a reduction in Williams's rent. The garage was not attached to the home and was located behind it. The pit bull was kept in a cage placed in the backyard. This cage was not connected to the garage, nor was it placed on the driveway leading up to the garage. Rather, the cage was kept behind the home on the yard itself.
 {¶ 8} The Goodwins did not retain possession of the area where the dog was kept. The fact that the Goodwins had retained possession of the garage in the backyard did not make the backyard a common area shared by landlord and tenant. The dog was caged in an area that only Williams had access to. Further, the Goodwins could walk up the driveway and enter the garage without using the part of the yard containing the pit bull.
 {¶ 9} We conclude that because the pit bull was not kept in a shared area or in an area that the Goodwins retained possession of, the Goodwins did not harbor the pit bull. Because the Goodwins were not in possession of the area where the dog was kept, we need not determine whether they acquiesced in the dog's presence.
 Common-Law Liability {¶ 10} Jones's second assignment of error alleges that the trial court erred in granting the Goodwins summary judgment because they could be held liable for Jones's injuries under Ohio common law. For liability to be imposed under the common law for injuries caused by a dog, a plaintiff "must show that the defendant owned or harbored the dog, that the dog was vicious, that the defendant knew of the dog's viciousness, and that the defendant was negligent in keeping the dog."[8] Because we have already concluded that the Goodwins did not own or harbor the pit bull, we overrule the second assignment of error.
 Conclusion {¶ 11} The Goodwins did not own, keep, or harbor the pit bull that injured Jones. Accordingly, they were not liable under the Ohio Revised Code or the common law for her injuries. Because there existed no genuine issue of material fact, and the Goodwins were entitled to judgment as a matter of law, we affirm the trial court's entry of summary judgment.
Judgment affirmed.
Doan, P.J., and Sundermann, J., concur.
[1] Defendant Michelle Williams was voluntary dismissed from the lawsuit before the present appeal was filed.
[2] Grafton v. Ohio Edison Co., 77 Ohio St.3d 102,1996-Ohio-336, 105, 671 N.E.2d 241.
[3] State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589, 639 N.E.2d 1189.
[4] R.C. 955.28(B).
[5] Flint v. Holbrook (1992), 80 Ohio App.3d 21, 25,608 N.E.2d 809, citing Godsey v. Franz (Mar. 13, 1992), 6th Dist. No. 91WM000008.
[6] Godsey v. Franz, supra (internal quotations omitted).
[7] Id.
[8] Holbrook, 80 Ohio App.3d at 25, 608 N.E.2d 809.