JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Therese and Louis Pohorence, appeal the decision of the trial court granting the motion for summary judgment of defendants-appellees, James and Joanna Henderson. For the reasons set forth below, we affirm.
 {¶ 2} The record before us demonstrates that the Pohorences filed a complaint against the Hendersons and defendant Patricia Toth, asserting claims of negligence after Therese Pohorence fell while trying to escape from a dog owned by Toth. Toth was a tenant of a home located at 2053 West 100th Street; the Hendersons were the landlords. The Pohorences lived at 2065 West 100th Street.
 {¶ 3} Prior to the incident, Therese Pohorence sent a letter to the Hendersons regarding Toth and her dog. In particular, Therese informed the Hendersons that Toth's dog had been running loose on a regular basis and acting aggressively toward her and other family members. *Page 3 
 {¶ 4} Therese maintains that on the day of the incident, as she came out of her front door, Toth's dog appeared from a landscaped area in her yard and charged her as she was on her front porch. Therese claims that as she ran to escape from the dog, she fell on her right hand and arm and suffered injuries.
 {¶ 5} The Hendersons filed a motion for summary judgment, which the Pohorences opposed. The court denied the motion and the Hendersons filed a motion for reconsideration, which the Pohorences also opposed. The court granted the Hendersons' motion for reconsideration and vacated its previous denial of their motion for summary judgment. The Pohorences subsequently dismissed Toth from the case.
 {¶ 6} For their sole assignment of error, the Pohorences contend that the trial court erred in granting the Hendersons' motion for reconsideration and summary judgment.
 {¶ 7} We review an appeal from summary judgment under a de novo standard of review. Baiko v. Mays (2000), 140 Ohio App.3d 1,746 N.E.2d 618. Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. Id. See, also, Brown v. Scioto Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 622 N.E.2d 1153. Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of *Page 4 
the nonmoving party, reasonable minds can reach only one conclusion, which is adverse to the nonmoving party. Temple v. Wean United,Inc. (1997), 50 Ohio St.2d 317, 364 N.E.2d 267.
 {¶ 8} The moving party carries the initial burden of setting forth specific facts that demonstrate his entitlement to summary judgment.Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264. If the movant fails to meet this burden, summary judgment is not appropriate. Id. If the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. Id.
 {¶ 9} The Pohorences' claims are premised on the theory of liability found in R.C. 955.28. Subsection B of that statute provides as follows:
 {¶ 10} "The owner, keeper or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog, unless the injury, death or loss was caused to the person or property of an individual who, at the time, was committing or attempting to commit a trespass or other criminal offense on the property of the owner, keeper or harborer, or was committing or attempting to commit a criminal offense against any person, or was teasing, tormenting, or abusing the dog on the owner's, keeper's or harborer's property." R.C.955.28(B).
 {¶ 11} The issue in this case is whether the Hendersons were harborers of the Toth's dog. A harborer has been defined as one who has possession and control over the premises where the dog lives and silently acquiesces to the dog's *Page 5 
presence. Khamis v. Everson (1993), 88 Ohio App.3d 220, 227. In support of their contention that the Hendersons harbored the dog, the Pohorences rely on Godsey v. Franz (Mar.13, 1992), Williams App. No. 91WM000008. In addressing who is a harborer for purposes of R.C. 955.28, and explaining how liability can survive landlord status, the Godsey court stated the following:
 {¶ 12} "Whether a landlord is liable as a harborer for damage or injury inflicted by a tenant's dog depends upon whether the landlord permitted or acquiesced in the tenant's dog being kept in common areas or in an area shared by both the landlord and tenant. If the tenant's dog is confined only to the tenant's premises, the landlord cannot be said to have possession and control of the premises on which the dog is kept. If the dog gets loose and roams onto common areas without the landlord's permission, the landlord cannot be said to have acquiesced. Further, if the landlord has established rules for the maintenance of pets by his tenants, such rules militate against the finding of acquiescence. On the other hand, where the landlord acquiesces in the keeping of the tenant's dog in common or joint areas, by allowing it to use or roam freely over such areas, the two elements of acquiescence and possession and control are present, and the landlord may be held liable as a harborer for damages or injury caused by that dog." (Citations omitted.) Id. at 11-12.
 {¶ 13} Similarly, in Burrell v. Iwenofu, Cuyahoga App. No 81230, 2003-Ohio-1158, this court held that "`[a] lease transfers both possession and control of the *Page 6 
leased premises to the tenant and, thus, a landlord is liable only where the landlord permitted the dog in common areas of which he retained possession and control.'" Id. at Tf15, quoting Sizemore v. Spellman
(July 5, 1996), Trumbull App. No. 95-T-5373, citing Brown v.Difford (Dec. 8, 1995), Portage App. No. 95-P-0033 and Godsey, supra.
 {¶ 14} Morever, in considering a harborer in the landlord context, the First Appellate District recently held that because the dog was not kept in a shared area or in an area that the landlords retained possession of, the landlords did not harbor the dog. Jones v. Goodwin, Hamilton App. No. C-050468, 2006-Ohio-1377.
 {¶ 15} In this case, the attack occurred on the Pohorences' property, an area that the Hendersons did not possess. Thus, based on the above authority, the Hendersons were not harborers of Toth's dog. The Pohorences' assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 7 
 COLLEEN CONWAY COONEY, P.J., and KENNETH A. ROCCO, J., CONCUR. *Page 1