{¶ 22} I respectfully dissent. I would affirm the decision of the trial court.
 {¶ 23} In this case, Defendant-Appellee, Jerry Hughes, Senior (hereinafter "Senior"), filed a motion for summary judgment asserting that he was not the owner, keeper or harborer of the dog (hereinafter "Pete"), and the trial court agreed. In their lone assignment of error, Plaintiffs-Appellants allege that the trial court erroneously granted summary judgment in favor of Senior because genuine issues of material fact remain as to whether he was a keeper or harborer of Pete.
 {¶ 24} "Under common law, a plaintiff suing for injuries inflicted by a dog must show that the defendant owned or harbored the dog, that the dog was vicious, that the defendant knew of the dog's viciousness, and that the defendant was negligent in keeping the dog." Flint v.Holbrook (1992), 80 Ohio App.3d 21, 25-26, citing McIntosh v. Doddy
(1947), 81 Ohio App. 351. "One can negligently keep and harbor a vicious dog without owning either the dog or the premises where the dog is kept." Id., citing Hayes v. Smith (1900), 62 Ohio St. 161, 163. "Under common law, `the gist of the action for injury by a dog known by its owner to be vicious is generally said to be not negligence in the manner of keeping the dog, but for keeping it at all.'" Id., citing Warner v.Wolfe, (1964), 176 Ohio St. 389, 392.
 {¶ 25} Under R.C. 955.28(B), "[t]he owner, keeper, or harborer of a dog is liable in damages for any injury, death, or *Page 12 
loss to person or property that is caused by the dog* * *." This section "recreates a statutory action which had been established previously in Section 5838, General Code, which imposed a rule of absolute liability upon the owner or harborer of a dog for injury done to a person under certain conditions." Warner, supra, at 392. Thus, "[t]his section imposes absolute or strict liability on the owner, keeper or harborer of a dog for any damage or injury caused by the dog." Godsey v. Franz (Mar. 13, 1992), Williams App. No. 91WM000008.
 {¶ 26} "Two or more persons may be owners, keepers and/or harborers of a single dog and all are jointly liable for injuries or damage inflicted by the dog." Id., citing Rosenblatt v. Bosse (1934), 50 Ohio App. 449;Hall v. Rodholm (Dec. 1, 1982), Cuyahoga App. No. 44665. An "owner" is defined as "the person to whom the dogs belong* * *." Godsey. A "keeper" is defined as "the one having physical charge or care of the dogs." Id. "[W]hen the owner is actually present, the `keeper's' duties have ended since the owner has resumed physical control over the dog." Khamis v.Everson (1993), 88 Ohio App.3d 220, 226.
 {¶ 27} Here, it is undisputed that Senior was not the owner of Pete and that his son, Jerry Hughes, Junior (hereinafter "Junior"), was Pete's owner. Further, at the time of the incident, Senior was not at the North High Street address. Instead, Senior was at his own home in his driveway and exercising no control over Pete. The evidence shows that Pete *Page 13 
was under Junior's control at the time of the incident. Junior's control over Pete at the time of the incident is evidenced by Junior's act of confining the dog indoors to keep him away from Cyrus Hill while Cyrus ate.
 {¶ 28} Thus, in order for Senior to have any liability whatsoever, whether under common-law or under R.C. 955.28(B), he must be a "harborer" of Pete. See Jones v. Goodwin, Hamilton App. No. C-050468,2006-Ohio-1377, ¶ 6. "In determining whether a particular person harbors a dog, `the focus shifts from possession and control over the dog to possession and control of the premises where the dog lives.'" Id. at ¶ 6. As such, a person is held to be a harborer of a dog where that person "is in possession and control of the premises where the dog lives, and silently acquiesces in the dog being kept there by the owner* * *." Id. "[T]he issue of whether one is an owner, keeper or harborer of a dog is an issue of fact." Godsey. The acquiescence required to habor a dog "requires some intent[,]" but the alleged harborer need not act "as though he were its owner* * *." Id. Evidence that an alleged harborer fed a dog "or merely allowed a dog temporarily on his premises, is insufficient, by itself, to establish liability as a harborer." Id. The property owner must knowingly allow the dog to live on his property and make its home there in order to establish liability as a harborer. Id. *Page 14 
 {¶ 29} In the terms of a landlord-tenant relationship, "[i]t is well-established that a lease transfers both possession and control of the leased premises to the tenant." Thompson v. Irwin (Oct. 27, 1997), Butler App. No. CA97-05-101, citing Riley v. Cincinnati Metro. Hous.Auth. (1973), 36 Ohio App.2d 44, 48. As such, a landlord typically only keeps possession and control over common areas of leased premises. A common area is "an area over which multiple people have possession and control." Engwert-Loyd v. Ramirez, Lucas App. No. L-06-1084,2006-Ohio-5468, ¶ 11, citing Burrell v. Iwenofu, 8th Dist. No. 81230, 2003-Ohio-1158, at ¶ 15. "Thus, a landlord's liability as a harborer for injuries inflicted by a tenant's dog is limited to those situations in which the landlord permitted the tenant's dog in common areas."Thompson, citing Flint, 80 Ohio App.3d at 25.
 {¶ 30} As such, Ohio courts typically hold that "a landlord can and should be liable only if the dog attacks someone in the common areas or in an area shared by both the landlord and the tenant." Burgess v.Tackas (1998), 125 Ohio App.3d 294, 297, citing Thompson, supra; see, also, Jowers v. Eastgate Village (Jun. 7, 1999), Clermont App. No. CA98-10-095 (holding that because the dog bite occurred inside the tenant's home "and not in common or joint areas[,]" summary judgment in favor of landlord was appropriate). Ohio courts have declined to hold a landlord liable merely because he "has knowledge of the presence of a dangerous animal and the right to control or remove the *Page 15 
animal from the premises* * *." Dunn v. Platt (Dec. 6, 1988), Franklin App. No. 88AP-268 (holding that there was an issue of fact, however, regarding whether the landlord was a "keeper" of the dog); but, see,Flint, supra (stating that "[l]andlords out of possession can be found liable for injuries caused by animals owned and kept on the leased premises by the tenant where the landlord has knowledge of the dangerous animal but fails to take any action to have the animal removed or confined").
 {¶ 31} Here, there is no dispute that the attack at issue took place inside the home Senior leased to Junior. Thus, the attack did not occur in a common area of the leased premises, but took place in an area of the leased premises under the possession of Junior. Regardless, the majority finds that because Senior held the right to make Junior get rid of Pete, an issue of fact remains concerning whether Senior had sufficient control over the premises to make him a harborer. Other Ohio courts, however, have found landlords not liable as harborers in instances where a tenant has breached a rule established by the landlord regarding pets, thus giving the landlord the right to force the tenant to get rid of the pet. See Burgess, supra. As such, I do not believe Ohio law supports the notion that the landlord retaining the right to force the tenant to get rid of a dog amounts to the control necessary to be a harborer as a matter of law.
 {¶ 32} Further, the determination of whether one is a harborer is not based entirely on whether one has control of the *Page 16 
premises, but whether the alleged harborer has "possession and control of the premises." Jones, supra, ¶ 6. Thus, a genuine issue of fact on the issue of control alone is insufficient to overrule the trial court's grant of summary judgment. There must also be an issue of fact as to whether Senior had possession of the leased premises. Here, in my view, there is no evidence that Senior maintained possession of the leased property. As such, Senior cannot be held liable as a harborer under R.C.955.28(B) or under common law, and therefore, summary judgment in his favor is proper.
 {¶ 33} Thus, I respectfully dissent. *Page 1