[Cite as *Morris v. Cordell*, 2015-Ohio-4342.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| DAVID R. MORRIS, | : | APPEAL NO. C-150081 |
| | | TRIAL NO. A-1306197 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| KRISTI R. CORDELL, | : | |
| Defendant, | : | |
| and | : | |
| DEBRA M. LANG, | : | |
| and | : | |
| MARSHALL LANG, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  October 21, 2015

*Robbins, Kelly, Patterson & Tucker, Daniel J. Temming* and *Robert M. Ernst*, for Plaintiff-Appellant,

*Eagen & Wykoff Co., LPA,* and *John R. Wykoff*, for Defendants-Appellees.

Please note:  This case has been removed from the accelerated calendar.

**STAUTBERG, Judge.**

{¶1} Plaintiff-appellant David Morris appeals the trial court's decision granting summary judgment in favor of defendants-appellees Debra and Marshall Lang. In his sole assignment of error, Morris argues the trial court erred in granting summary judgment to the Langs. We affirm the trial court's judgment.

{¶2} The record shows that Morris alleges he was walking on Mantell Avenue with his grandchildren and his dog, which was on a leash, when another dog named Sherman darted out of the house at 3839 Mantell Avenue. Sherman ran over to Morris's dog and the two dogs began wrestling. As a result, Morris fell and injured his knee, necessitating surgery.

{¶3} Kristi Cordell testified in her deposition that she owns Sherman. She lives in the 3839 Mantell Avenue house with her two children, as well as Sherman and a second dog. The Langs, who are Cordell's aunt and uncle, own the Mantell Avenue house. They had purchased the house for Cordell and her children to live in after she had suffered severe financial hardship.

{¶4} Although there was no written lease, the Langs and Cordell had an oral agreement for Cordell to pay $600 per month for rent, plus all utilities. Cordell did pay rent for a time, but stopped paying at some point prior to this incident. She did pay the utilities. Cordell took care of the property generally, performing such tasks as shoveling snow. She paid for grass cutting and for routine furnace and air-conditioning service. The Langs paid the real estate taxes as well as major repair items.

{¶5} The Langs lived a few miles away from the Mantell Avenue property. They frequently visited the property, however, principally to assist Cordell with her children and dogs when Cordell was working. The Langs stated that they only entered

2

the house with Cordell's permission. When Cordell knew they were coming, she would leave the door open for them or her children would open the door.

{¶6} Morris filed a complaint against Cordell and the Langs seeking to recover damages for his injury. In his complaint, he alleged that Cordell and the Langs were, individually or collectively, owners or harborers of the dog. The Langs filed a motion for summary judgment in which they argued that they were not owners, keepers or harborers of the dog under R.C. 955.28. The trial court granted the motion for summary judgment. Subsequently, Morris voluntarily dismissed his claims against Cordell. This appeal followed.

{¶7} In his sole assignment of error, Morris contends that the trial court erred in granting summary judgment in favor of the Langs. He argues that issues of fact exist as to whether the Langs were owners, keepers or harborers of the dog. This assignment of error is not well taken.

{¶8} An appellate court reviews a trial court's ruling on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); *Evans v. Thrasher*, 1st Dist. Hamilton No. C-120783, 2013-Ohio-4776, ¶ 25. Summary judgment is appropriate if (1) no genuine issue of material fact exists for trial, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the moving party, who is entitled to have the evidence construed most strongly in his or her favor. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977); *Evans* at ¶ 25.

{¶9} Revised Code section 955.28 states that "[t]he owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog * * * ." It imposes strict liability for any damage or injury caused by the dog. *Warner v. Wolfe*, 176 Ohio St. 389, 392, 199 N.E.2d 860 (1964); *Ohio Cas. Ins.*

*Co. v. Robison*, 5 Ohio App.3d 223, 224, 451 N.E.2d 253 (2d Dist.1982). The record shows that Cordell owns the dog. Morris questions her ownership, because the dog is not registered with the county auditor, but the record contains no evidence that the Langs owned the dog. Consequently, the Langs do not meet the definition of an owner. In addition, the Langs were not present or in the vicinity at the time of the incident, so they are not considered keepers of the dog. *See Buettner v. Beasley*, 8th Dist. Cuyahoga No. 83271, 2004-Ohio-1909, ¶ 14. Therefore, their liability hinged on whether they were harborers of the dog.

{¶10} In determining whether a particular person harbors a dog, "the focus shifts from possession and control over the dog to possession and control of the premises where the dog lives." *Jones v. Goodwin*, 1st Dist. Hamilton No. C-050468, 2006-Ohio-1377, ¶ 6, quoting *Flint v. Holbrook*, 80 Ohio App.3d 21, 25, 608 N.E.2d 809 (2d Dist.1992). A person who is in control of the premises where a dog lives and silently acquiesces in the dog being kept there by the owner can be held liable as a harborer of the dog. *Jones* at ¶ 6; *Flint* at 25.

{¶11} Generally, a landlord will not held responsible for injury caused by a tenant's dog so long as the tenant is in exclusive possession and control of the premises. *Good v. Murd*, 6th Dist. Lucas No. L-13-1235, 2014-Ohio-2216, ¶ 10; *Kovacks v. Lewis*, 5th Dist. Tuscarawas No. 2010 AP 01 0001, 2010-Ohio-3230, ¶ 28; *Jones* at ¶ 6. Absent a contrary agreement, a lease agreement transfers both the possession and control of the premises to the tenant. *Good* at ¶ 10; *Kovacks* at ¶ 28. The hallmark of control is the ability to admit or exclude others from the property. *Pangallo v. Adkins*, 12th Dist. Clermont No. CA2014-02-019, 2014-Ohio-3082, ¶ 15; *Kovacks* at ¶ 27. If the leased premises consists of a single-family home, a presumption exists that the tenant possesses and controls the entire property. *Richeson v. Leist*, 12th Dist. Warren No.

4

CA2006-11-138, 2007-Ohio-3610, ¶ 13; *Engwert-Loyd v. Ramirez*, 6th Dist. Lucas No. L-06-1084, 2006-Ohio-5468, ¶ 11.

{¶12} In this case, Morris did not present evidence to rebut the presumption that Cordell had possession and control of the property. The Langs both testified that they did not have keys to the property. When asked why, Debra Lang stated, "It's not our house. * * * I don't live there." Though the Langs went over to watch Cordell's children or let the dogs out, they used a door that was left open or someone let them in. The Langs also testified that they assisted at the house only with Cordell's knowledge and permission. The ability to let themselves in the house with Cordell's permission did not constitute the control necessary for liability to attach. *See Kovacks* at ¶ 34.

{¶13} Morris argues that this case does not involve a "true" landlord-tenant relationship. He argues that the familial situation, the lack of a written contract, the failure to pay rent for several months, and the Langs' active assistance in taking care of the property, Cordell's children, and the dogs showed that they had possession and control of the property. We disagree.

{¶14} A rental agreement means "any agreement or lease, written or oral, which establishes or modifies the terms, conditions, rules, or any other provisions concerning the use and occupancy of residential premises by one of the parties." R.C. 5321.01(D). A landlord-tenant relationship can exist under an oral agreement, even when the tenant does not pay rent. *Ramsdell v. Ramsdell*, 6th Dist. Lucas No. L-12-1113, 2013-Ohio-409, ¶ 14-15; *Tucker v. Kanzios*, 9th Dist. Lorain No. 08CA009429, 2009-Ohio-2788, ¶ 21. Further, routine and common acts conducted by a landlord, such as making repairs, paying taxes, insuring the structure, and the like, do not constitute the control necessary to establish liability. *Richeson*, 12th Dist. Warren No. CA2006-11-138, 2007-Ohio-3610, at ¶ 15.

5

{¶15} Morris relies on *Godsey v. Franz*, 6th Dist. Williams No. 91WM000008, 1992 Ohio App. LEXIS 1087 (Mar. 13, 1992). In that case, the court found the owner of a house and farm liable for being a "harborer" of his son's dog, even though the property owner lived in a house on an abutting farm. The son lived on a 100-acre farm owned by his father and helped his father farm the property. The son occupied a house on the farm with no written lease or obligation to pay rent, but he maintained the house and its immediate surroundings.

{¶16} The father owned not only the farm on which his son lived, but also an abutting farm. The father maintained the other buildings on both farms, which included the father's house, a barn and some outbuildings where equipment was kept. He stated that he felt free to go the house where his son and his son's wife lived, because he owned it. He further stated that his son's eight dogs were "free to run back and forth from house to house and farm to farm * * * ." *Id.* at *5. The court found that the father fit the definition of a harborer of the dog under those circumstances, because he acquiesced or permitted the dogs to be in common or shared areas of the farms. *Id.* at *12. *See also Hill v. Hughes*, 4th Dist. Ross No. 06CA2917, 2007-Ohio-3885, ¶ 17-21.

{¶17} The present case is distinguishable, because it does not involve common areas. Generally, a common area is an area over which multiple people have possession and control. *Engwert-Loyd*, 6th Dist. Lucas No. L-06-1084, 2006-Ohio-5468, at ¶ 11. The record shows that there were no common or shared areas used or occupied by both Cordell and the Langs. This case involves a single-family house and yard. Morris failed to overcome the presumption that Cordell had exclusive control and possession of the property. "[A] landlord cannot be a harborer

of a dog that is kept on the premises the tenant has sole control over." *Jones*, 1st Dist. Hamilton No. C-050468, 2006-Ohio-1377, at ¶ 6.

{¶18} No material issues of fact exist. Construing the evidence most strongly in Morris's favor, reasonable minds could come to but one conclusion—that the Langs were not harborers of the dog. Therefore, they were entitled to judgment as a matter of law, and the trial court did not err in granting their motion for summary judgment. We overrule Morris's sole assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**HENDON, P.J.,** and **MOCK, J.,** concur.

Please note:
> The court has recorded its own entry this date.