JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Sybilla E. Courage in her individual capacity and as executrix of the estate of Apollina Tomic, appeal the order of the Cuyahoga County Common Pleas Court that granted the motion for summary judgment filed by defendant-appellee, Cincinnati Insurance Company ("CIC"), and declared that appellants are not insureds under a business auto policy and corresponding commercial umbrella policy issued by CIC to Walco Organization, Inc. For the reasons that follow, we affirm.
 {¶ 2} On July 14, 2001, plaintiff-appellant, Sybilla E. Courage ("Courage" or "appellant") and her mother, decedent, Apollina Tomic ("Tomic"), were traveling in a vehicle owned and driven by Courage when they were involved in a motor vehicle accident allegedly caused by non-party Adam N. Nelson. As a result of this accident, Courage and her mother sustained serious injuries from which Tomic eventually died. Courage was employed by Walco Organization, Inc. ("Walco") at the time of the accident, which had in force a business auto policy of insurance issued by CIC as well as commercial umbrella policy. It is undisputed that Courage was not acting within the course and scope of her employment at the time of the accident.
 {¶ 3} Courage was subsequently appointed executrix of Tomic's estate and brought the within action in both her individual and representative capacities[1] seeking uninsured/underinsured ("UM/UIM") coverage under the CIC policies pursuant to Scott-Pontzer v. LibertyMut. Fire Ins. Co. (1999), 85 Ohio St.3d 660.
 {¶ 4} CIC moved for summary judgment arguing that Courage, in either capacity, did not qualify as an insured under the business auto policy and, therefore, could not qualify as an insured under the umbrella policy. Succinctly, CIC argued that Section (B)(3) contained in the UM/UIM Endorsement of the policy explicitly defined an insured as an employee acting within the course and scope of his or her employment and because Courage was neither, she was not an insured under the policies.
 {¶ 5} Appellant opposed the motion and similarly moved for summary judgment. She argued that the definition of insured was not confined to the narrow definition relied upon by CIC. In particular, she claimed that she satisfies at least two other definitions of an "insured" contained within the same provision; namely, Sections (B)(1) and (4), which address who is an insured for purposes of selecting or rejecting UM/UIM coverage and "covered autos," respectively.
 {¶ 6} Relying on the language contained in the UM/UIM endorsement, the trial court found that appellant was not entitled to UM/UIM coverage.
 {¶ 7} "The [CIC] endorsement in this case unambiguously defines the term `You' and unabigusously (sic) expresses who is covered under the policy. `You' and `Your' are specifically defined not to refer to `any other persons or organizations, including but not limited to . . . employees . . . of any persons or orgainzation (sic) shown as the named insured. . . .' In addition, Section B clearly distinguishes who is insured and that employees are insured but only for injuries arising out of and incurred while in the court (sic) and scope of employment. There is no ambiguity in this policy."
 {¶ 8} Appellant is now before this court and asserts in her sole assignment of error that the trial court erred in granting CIC's motion for summary judgment and finding that she is not entitled to UM/UIM coverage.
 Business Auto Policy {¶ 9} We are required to affirm the trial court's judgment if any valid grounds on appeal are found to support it. McKay v. Cutlip (1992),80 Ohio App.3d 487, 491, citing Joyce v. Gen. Motors Corp. (1990),49 Ohio St.3d 93, 96; see, also, State ex rel. McGrath v. Ohio AdultParole Auth., 100 Ohio St.3d 72, 2003-Ohio-5062, at ¶ 8.
 {¶ 10} Since the trial court's decision in this case, the Ohio Supreme Court decided Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849 and held that UM/UIM coverage is unavailable to claimants not acting within the course and scope of their employment. "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id. at paragraph two of the syllabus.
 {¶ 11} In this case, it is undisputed that Courage was not acting within the course and scope of her employment with Walco at the time of the July 2001 accident. Nor does the business auto policy at issue contain any language that would extend coverage to an employee such as Courage under the facts of this case. Accordingly, appellant and her mother did not qualify as insureds under the CIC business auto policy.
 Commercial Umbrella Policy {¶ 12} The umbrella policy issued by CIC is an excess policy to the business auto policy likewise issued by CIC. Under Section I(A), CIC agrees to "pay on behalf of the insured the `ultimate net loss' which the insured is legally obligated to pay as damages in excess of the `underlying insurance' or for an `occurrence' covered by this policy which is either excluded or not covered by `underlying insurance' because of `bodily injury' or `property damage' covered by this policy occurring during the policy period and caused by an `occurrence'; or `personal injury' * * * covered by this policy committed during the policy period and caused by an `occurrence[.]'" An endorsement to the policy defines an "insured" as an individual who qualifies as an insured in the "`underlying insurance' that provides [UM/UIM] coverage." "Underlying insurance" is defined as "policies of insurance listed in the Schedule of Underlying Policies and the insurance available to the insured under all other insurance policies applicable to the `occurrence[.]' * * *." The Schedule of Underlying Policies references the business auto policy issued by CIC.
 {¶ 13} Because we have previously determined that appellant does not qualify as an "insured" under the underlying policy, the commercial umbrella policy affords no coverage and CIC was entitled to judgment in its favor as a matter of law on this issue.
 {¶ 14} Appellant's assignment of error is not well taken and is overruled.
Judgment affirmed.
FRANK D. CELEBREZZE, JR., P.J., AND ANTHONY O. CALABRESE, JR.,J., CONCUR.
[1] We will refer to Courage in both capacities as "appellant" for ease of discussion where appropriate.