DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Betty J. Thomas, appeals from the judgment of the Wayne County Court of Common Pleas which granted summary judgment in favor of appellee, Speedway Superamerica, LLC, on appellant's claims for damages. This Court affirms.
 I. {¶ 2} The underlying facts of this appeal are undisputed. On August 20, 2003, appellant's husband, Bruce Thomas, entered a gas station owned and run by appellee. Mr. Thomas filled a large cup with ice and requested that the cashier, Katie McVay, fill the cup with water. McVay filled the cup in a back room and also added Sanigize to the water, a germicide and deodorant cleaner. McVay admitted that she contaminated the water because of ill-will she had developed toward Mr. Thomas. In turn, Mr. Thomas delivered the water to appellant who drank from the cup. Upon realizing that something was wrong with the water, appellant contacted the police. Appellant also became very ill, vomiting numerous times as a result of ingesting the contaminated water. McVay was arrested as a result of her actions and pled guilty to contamination of a substance for human consumption.
 {¶ 3} On July 15, 2004, appellant and her husband filed suit against McVay and appellee. During the pendency of the litigation, Mr. Thomas passed away and was removed as party. Following discovery, appellant and appellee moved for summary judgment. The trial court agreed with appellee's position and granted summary judgment in its favor. Thereafter, appellant settled her remaining claim against McVay for $75,000. Once her final claim was resolved, appellant timely appealed the trial court's order of summary judgment, raising two assignments of error for review.
 II. {¶ 4} As both of appellant's assignments of error assert that the trial court erred in its grant of summary judgment, this Court first details our standard of review.
 {¶ 5} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. This Court applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated;
(2) the moving party is entitled to judgment as a matter of law; and
(3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 6} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the non-moving party's claim. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292. To support the motion, such evidence must be present in the record and of the type listed in Civ.R. 56(C). Id.
 {¶ 7} Once the moving party's burden has been satisfied, the non-moving party must meet its burden as set forth in Civ.R. 56(E). Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Id. See, also, Henklev. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 8} Pursuant to Civ.R. 56(C): "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 9} In support of its motion for summary judgment, appellee relied upon the depositions of appellant and McVay and the documents contained in McVay's criminal proceeding. Appellant opposed the motion, relying upon the same materials. As the parties did not dispute the pertinent facts, their motions primarily focused on the law applicable to those facts.
 {¶ 10} Based upon the foregoing standard of review, this Court reviews each of appellant's assignments of error.
 FIRST ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SPEEDWAY SUMMARY JUDGMENT BECAUSE SPEEDWAY VIOLATED OHIO'S PURE FOOD AND DRUG LAW, R.C. § 3715.01 ET SEQ. AND WAS NEGLIGENT PER SE."
 {¶ 11} In her first assignment of error, appellant asserts that the trial court erred in granting summary because she established that appellee violated the Pure Food and Drug Law. This Court finds no merit in appellant's assertion.
 {¶ 12} Initially, we note that appellant is correct in her contention that selling adulterated food constitutes negligence per se. "The sale of adulterated food is prohibited by statute and thus constitutes negligence per se." Massey v. Riser Foods,Inc. (May 24, 2000), 9th Dist. No. 98CA007260, citing Allen v.Grafton (1960), 170 Ohio St. 249, at paragraph two of the syllabus. Appellant's conclusion that such a finding caused the trial court's judgment to be erroneous, however, is incorrect.
 {¶ 13} "Negligence per se and strict liability * * * are not synonymous." Sikora v. Wenzel (2000), 88 Ohio St.3d 493, 495. Specifically,
"[n]egligence per se * * * is not equivalent to a finding of liability per se because the plaintiff will also have to prove proximate cause and damages. Negligence per se lessens the plaintiff's burden only on the issue of the actor's departure from the standard of conduct required of a reasonable man." (Internal citations and quotations omitted.) Id. at 496-497.
Accordingly, appellant's evidence that appellee violated the Pure Food and Drug Act did not relieve her of her burden of proving causation.
 {¶ 14} Assuming arguendo that appellant demonstrated that appellee's violation was a cause of her injuries, her claim still must fail. Initially, this Court notes that the determination of whether an intervening act severs the causal connection between negligence and a resulting injury is necessarily predicated upon an initial finding of negligence by a defendant. Feichtner v.Ohio Dept. of Transportation (1995), 114 Ohio App.3d 346, 359. Having found that appellee was negligent per se for violating a statute, we proceed to examine the issue of an intervening cause.
 {¶ 15} "[T]he connection between the defendant's negligence as a proximate cause of an injury is not broken, if an intervening event is one which might in the natural and ordinary course of things be anticipated as reasonably probable[.]"Taylor v. Webster (1967), 12 Ohio St.2d 53, 56. Stated conversely, "[w]hen the * * * criminal act of a third person intervenes between the defendant's conduct and a plaintiff's injuries," a defendant is no longer liable if the third party's actions were unforeseeable. Feichtner, 114 Ohio App.3d at 359. The record before this Court demonstrates without dispute that McVay's intervening criminal act caused appellant's damages. Furthermore, the sole evidence before the trial court demonstrated that McVay's act was unforeseeable. Both McVay and appellant testified in their depositions that appellee had no reason to believe that McVay would contaminate the water. There is no evidence of any similar occurrences in the past and McVay testified that she never engaged in any conduct that would have alerted appellee of her intentions. Accordingly, McVay's criminal act was unforeseeable and served to break the chain of causation. As such, the trial court did not err in granting appellee's motion for summary judgment. Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT TO SPEEDWAY BECAUSE SPEEDWAY WAS LIABLE UNDER THE RULE OF RESPONDEAT SUPERIOR FOR ACT OF EMPLOYEE OF PLACING INJURIOUS SUBSTANCE INTO WATER CUP WHEN IT WAS EXPECTED THE CONTENTS WERE FOR HUMAN CONSUMPTION."
 {¶ 16} In her second assignment of error, appellant contends that the trial court erred in granting summary judgment in favor of appellee because appellee is liable under the doctrine of respondeat superior. This Court disagrees.
 {¶ 17} To succeed utilizing the doctrine of respondeat superior, appellant must show (1) that a principal-agent relationship existed between McVay and appellee, and (2) that McVay's tortious conduct was committed within the scope of her employment. Blaser v. BW-3 (May 19, 1999), 9th Dist. No. 98CA007054, citing Baird v. Sickler (1982), 69 Ohio St.2d 652. This Court further stated:
"If the tort consisted of a willful and malicious act, then it is generally not considered within the scope of employment. For that type of act to be within the scope of employment, the behavior giving rise to the tort must have been `calculated to facilitate or promote the business for which the [employee] was employed.' [Appellee was] entitled to summary judgment, therefore, if [it] demonstrated that [McVay's] alleged [tort] against [appellant] did not facilitate or promote [its] business activities." (Internal citations omitted.) Id.
A review of the record indicates that McVay's actions did not facilitate or promote appellee's business activities.
 {¶ 18} McVay served a contaminated substance to a customer who became violently ill. While McVay's job description included assisting customers, appellee received no benefit from McVay's tortious actions. The glass of water was provided at no charge, so no monetary gain arose from McVay's actions. Furthermore, McVay was never counseled that her actions were appropriate nor encouraged in any manner to commit the act she did. McVay's actions served only to damage appellee's business, i.e., serving food or drink which injures a customer in no way promoted or facilitated appellee's business activities. By her own testimony, appellant indicated that she was no longer a customer of appellee because of the incident. In the trial court and on appeal, appellant has provided no evidence that McVay's tortious act promoted or facilitated appellee's business activities in any manner. Accordingly, McVay's actions were outside the scope of her employment and the trial court did not err in refusing to hold appellee liable under the doctrine of respondeat superior. Appellant's second assignment of error is overruled.
 III. {¶ 19} Appellant's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Slaby, P.J. Whitmore, J. Concur.