[Cite as *Evans v. Thrasher*, 2013-Ohio-4776.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| DERECO EVANS, | : | APPEAL NO. C-120783 |
| | | TRIAL NO. A-1101017 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| CHAD THRASHER, et al., | : | |
| | | |
| Defendants, | : | |
| | | |
| and | : | |
| | | |
| UNIVERSITY HOSPITAL, | : | |
| | | |
| and | : | |
| | | |
| QUEST DIAGNOSTICS INCORPORATED, | : | |
| | | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 30, 2013

*The Blaine Law Firm, LLC,* and *Nadia Blaine*, for Plaintiff-Appellant,

*Vorys, Sater, Seymour and Pease, LLP, Victor A. Walton, Jr.,* and *Joseph Brunner,* and *Graydon Head & Ritchie, Julie Pugh* and *Bruce Petrie, Jr.,* for Defendant-Appellee University Hospital,

*JonesPassodelis, PLLC,* and *Constantine J. Passodelis,* for Defendant-Appellee Quest Diagnostics Incorporated.

Please note: this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}    Plaintiff-appellant Dereco Evans appeals a judgment of the Hamilton County Court of Common Pleas granting a motion to dismiss filed by defendant-appellee University Hospital and a motion for summary judgment filed by defendant-appellee Quest Diagnostics Incorporated ("Quest Diagnostics").  We find no merit in Evans's five assignments of error, and we affirm the trial court's judgment.

### I.    Factual Background

{¶2}    The record shows that Evans was admitted to University Hospital after suffering a gunshot wound to his leg.  He underwent emergency surgery, which left him incapacitated and confined to a hospital bed.  Because his assailant was still at large, he was placed on a restricted floor, with heightened security and limited access.

{¶3}    Chad Thrasher worked at University Hospital as a phlebotomist.  While Evans was confined to his hospital bed and unable to move, Thrasher, dressed in women's clothing, entered Evans's room and sexually assaulted him.

{¶4}    Evans filed a complaint alleging numerous causes of action against Thrasher, University Hospital, Quest Diagnostics, and several other defendants.  He alleged that Quest Diagnostics had provided diagnostic and laboratory services to University Hospital under a contract between the parties and that Quest Diagnostics had employed Thrasher.

{¶5}    Thrasher was convicted of gross sexual imposition, and Evans eventually obtained a default judgment against him.  Both University Hospital and Quest Diagnostics filed Civ.R. 12(B)(6) motions to dismiss.  The trial court granted

University Hospital's motion, but overruled Quest Diagnostics'. Subsequently, the court granted Quest Diagnostics' motion for summary judgment. This appeal followed.

## II. Liability of University Hospital

{¶6} We address Evans's first two assignments of error out of order. In his second assignment of error, he contends that the trial court erred in granting University Hospital's motion to dismiss. He argues that the court improperly found that University Hospital was not subject to the common pleas court's jurisdiction and that the action should have been brought in the court of claims even though the hospital is a private entity. While we agree that the common pleas court had jurisdiction over University Hospital, we ultimately find that this assignment of error is not well taken.

{¶7} The record shows that University Hospital originally filed a motion to dismiss under Civ.R. 12(B)(1) in which it contended that the Court of Claims had exclusive jurisdiction over it since it was an instrumentality of the state of Ohio. *See* R.C. 2743.01(A); R.C. 2743.03(A); *Boggs v. State*, 8 Ohio St.3d 15, 16-17; 455 N.E.2d 1286 (1983); *Collins v. Univ. of Cincinnati*, 3 Ohio App.3d 183, 184, 444 N.E.2d 459 (1st Dist.1981). It later withdrew that motion, stating that it is "not a State Entity."

{¶8} Subsequently, University Hospital filed a motion to dismiss the two negligence counts against it under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. It argued that nothing in Evans's complaint showed that Thrasher's conduct was foreseeable.

{¶9} In ruling on the motion to dismiss, the trial court's written decision stated that it was granting the motion because Evans had had failed to state a claim against University Hospital upon which relief could be granted. But the court went

on to state that "I found above that the claims against University Hospital [and two other defendants] were dismissed. Even if they were not, the Attorney General is correct that any claims against these defendants should have been brought in the Court of Claims."

{¶10} The court then journalized two entries. One stated that it was granting University Hospital's motion to dismiss because any claims against it should have been brought in the Court of Claims. The other stated that it was granting its motion to dismiss the two negligence counts against University Hospital raised in the complaint.

{¶11} The court's statements to the effect that the action against University Hospital should have been filed in the Court of Claims were erroneous given that the hospital is a private entity and not an instrumentality of the state. Nevertheless, the record shows that the court also held that the complaint failed to state a claim upon which relief could be granted against University Hospital. A reviewing court must affirm a trial court's judgment if it finds any valid grounds to support it. *Courage v. Cincinnati Ins. Co.*, 8th Dist. Cuyahoga No. 82499, 2003-Ohio-6332, ¶ 9; *Thatcher v. Good Will Industries of Akron*, 117 Ohio App.3d 525, 532, 690 N.E.2d 1320 (9th Dist.1997). Because we hold that the trial court properly granted University Hospital's motion to dismiss for failure to state a claim, we overrule Evans's second assignment of error.

{¶12} In his first assignment of error, Evans contends that the trial court erred in granting University Hospital's motion to dismiss. He argues that he pleaded sufficient facts to state a cause of action against University Hospital for negligence. This assignment of error is not well taken.

{¶13} A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint. In ruling on such a motion, the trial court must take all of the allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988); *Mann v. Cincinnati Enquirer*, 1st Dist. Hamilton No. C-090747, 2010-Ohio-3963, ¶ 11. It may dismiss a complaint on a Civ.R. 12(B)(6) motion only when the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus; *Mann* at ¶ 11. The court should not rely on evidence outside of the pleadings, but it may consider materials that are referred to or incorporated into the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992); *Mann* at ¶ 11.

{¶14} In count three of his complaint, Evans alleged that University Hospital "had a duty, and assumed that duty by placing Dereco Evans on a restricted floor, to assure that he was protected and safe. University Hospital breached that duty by failing to properly investigate Chad Thrasher and allowing Chad Thrasher to have access to Dereco Evans." He raised similar claims in count six, in which he alleged that University Hospital "had a duty, and accepted that duty by placing Dereco Evans on a restricted floor, to protect Dereco Evans while at University Hospital." He further alleged that University Hospital's breach of that duty resulted in harm to him.

{¶15} To support a claim of negligence, the plaintiff must show the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach. *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 76, 472 N.E.2d 707 (1984); *Vonderhaar v. Cincinnati*, 191 Ohio App.3d 229, 2010-Ohio-6289, 945

N.E.2d 603, ¶ 19 (1st Dist.). A business owner has a duty to warn or protect its business invitees from criminal acts of third parties when the business owner knows or should know that there is a substantial risk of harm to its invitees on the premises in the possession and control of the business owner. *Simpson v. Big Bear Stores Co.*, 73 Ohio St.3d 130, 652 N.E.2d 702 (1995), syllabus.

{¶16} A duty exists where a risk is reasonably foreseeable. *Menifee* at 77; *Whisman v. Gator Invest. Properties, Inc.*, 149 Ohio App.3d 225, 234, 776 N.E.2d 1126 (1st Dist.2002). The foreseeability of a criminal act depends on the knowledge of the business owner. *Whisman* at 234. Generally, the occurrence of prior similar acts suggests that the danger was foreseeable. *Id.*

{¶17} Evans did not allege any facts in his complaint to support the conclusion that Thrasher's conduct was foreseeable. He alleged no similar prior conduct by Thrasher that would have allowed University Hospital to anticipate his criminal acts against Evans. He did not allege that Thrasher had a prior criminal record, that University Hospital had failed to conduct a background check, or that Thrasher had ever done anything that would have alerted University Hospital that he could potentially sexually assault a patient. Evans alleged only that Thrasher "was allowed access to Dereco Evans' hospital room while dressed as a female even though Chad Thrasher is male." That allegation was not sufficient to show that University Hospital should have known that Thrasher would sexually assault a patient.

{¶18} Similarly, Evans contends that the fact that he was on a restricted floor with limited access showed that University Hospital had a duty to protect him. A reasonable inference from those facts is that Evans needed to be protected from those who shot him. They do not support the inference that a sexual assault by medical personnel working in the hospital was foreseeable.

6

{¶19} Evans further argues in his brief that Thrasher worked for University Hospital. Therefore, the hospital could be held liable for his actions under the doctrine of respondeat superior. *See Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 12; *Williams v. First United Church of Christ*, 40 Ohio App.2d 187, 189-190, 318 N.E.2d 562 (1st Dist.1973). First, we note that Evans alleged in his complaint that Thrasher was an employee of Quest Diagnostics, not University Hospital.

{¶20} But even if we construe the allegations of the complaint to support the conclusion that University Hospital had the right to control Thrasher's actions, the principal can only be liable for the intentional torts of the agent if the tortious conduct was committed within the scope of his or her employment. *Thomas v. Speedway Superamerica, LLC*, 9th Dist. Wayne No. 06CA0004, 2006-Ohio-5068, ¶ 17. For that type of act to be within the scope of employment, the behavior giving rise to the tort must be calculated to facilitate or promote the business for which the agent was employed. *Byrd v. Faber*, 57 Ohio St.3d 56, 58, 565 N.E.2d 584 (1991); *Thomas* at ¶ 17.

{¶21} A sexual assault by an employee upon a patient would in no way facilitate the hospital's business. *See Clifford v. Licking Baptist Church*, 5th Dist. Licking No. 09 CA 0082, 2010-Ohio-1464, ¶ 63-65; *Taylor v. Doctors Hosp. (West)*, 21 Ohio App.3d 154, 156-157, 486 N.E.2d 1249 (10th Dist.1985). "[A]n intentional and willful attack committed by an agent or employee, to vent his own spleen or malevolence against the injured person, is a clear departure from his employment and his principal or employer is not responsible therefor." *Byrd* at 59, quoting *Vrabel v. Acri*, 156 Ohio St. 467, 474, 103 N.E.2d 564 (1952).

{¶22}   Even if University Hospital owed Evans a duty, any breach of that duty was not the proximate cause of Evans's injuries.  When a third person's criminal act intervenes between a defendant's conduct and a plaintiff's injuries, the defendant's negligence is the proximate cause of the plaintiff's injuries only where the defendant could have reasonably foreseen the intervening act.  *Taylor v. Webster*, 12 Ohio St.2d 53, 56, 231 N.E.2d 870 (1967); *Feichtner v. Ohio Dept. of Transp.*, 114 Ohio App.3d 346, 359, 683 N.E.2d 112 (10th Dist.1995).  But a defendant is no longer liable if the third party's criminal acts were unforeseeable.  *Thomas* at ¶ 15.  Again, Evans has not alleged any facts supporting the inference that Thrasher's criminal acts were foreseeable.

{¶23}   Consequently, we hold that the trial court did not err in granting University Hospital's Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief could be granted.  We overrule Evans's first assignment of error.

### III.   Liability of Quest Diagnostics

{¶24}   In his third assignment of error, Evans contends that the trial court erred in granting Quest Diagnostics' motion for summary judgment.  He argues that material issues of fact exist regarding the dates of the contracts between Quest Diagnostics and University Hospital, and whether Quest Diagnostics had the right to control and supervise Thrasher in his duties as a phlebotomist.  This assignment of error is not well taken.

{¶25}   An appellate court reviews a trial court's ruling on a motion for summary judgment de novo.  *Village of Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); *Riverhills Healthcare, Inc. v. Guo*, 1st Dist. Hamilton No. C-100781, 2011-Ohio-4359, ¶ 12. Summary judgment is appropriate if (1) no genuine issue of material fact exists for trial, (2) the moving party is entitled to

judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977); *Riverhills* at ¶ 12.

{¶26} Evans raised claims against Quest Diagnostics for negligent hiring and negligent supervision. To prevail on a claim for negligent hiring, supervision or retention of an employee by an employer, the plaintiff must show: (1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of the employee's incompetence; (4) the employee's act or omission caused the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee was the proximate cause of the plaintiff's injuries. *Ruta v. Breckenridge-Remy Corp.*, 69 Ohio St.2d 66, 69, 430 N.E.2d 935 (1982); *Steppe v. Kmart Stores*, 136 Ohio App.3d 454, 737 N.E.2d 58 (8th Dist.1999).

{¶27} The record shows that Evans failed to present evidence to prove the first element of the tort, the existence of an employment relationship. Evan claims that the sole basis for Quest Diagnostics' motion for summary judgment was the termination of its contracts with University Hospital four days before Thrasher was allegedly hired, and that the only factual dispute between the parties was the date of the contracts between Quest Diagnostics and University Hospital. The record shows otherwise.

{¶28} Quest Diagnostics denied having an agreement with, or that it provided any services to, University Hospital on the date that Thrasher assaulted Evans. But it also argued from the case's inception, and presented numerous affidavits showing, that Thrasher had never been its employee, and that it had never been responsible for him in any way. In fact, it presented Thrasher's affidavit in

which he acknowledged that he had never been employed, managed, supervised or controlled by Quest Diagnostics. To the contrary, he stated that he had been employed at University Hospital through a temporary agency at the time of the incident.

{¶29} Evans presented no evidence to the contrary. Once the party moving for summary judgment presents evidence that demonstrates that the nommoving party has no evidence to support the nonmoving party's claims, the nonmoving party has a reciprocal burden to set forth specific facts showing that a genuine issue of fact exists for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996); *Stinespring v. Natorp Garden Stores, Inc.*, 127 Ohio App.3d 213, 216, 711 N.E.2d 1104 (1st Dist.1998). Evans failed to meet that burden.

{¶30} Evans argues extensively that he was prevented from presenting evidence showing that Quest Diagnostics continued to receive substantial payments from University Hospital because the trial court granted Quest Diagnostics' motion for a protection order on the basis that the payments were trade secrets. Evans contends that those payments showed that the contractual relationship between Quest Diagnostics and University Hospital continued even though Quest Diagnostics argued that the contract had ended prior to the assault. Even if the payments showed that Quest Diagnostics was still providing diagnostic and laboratory services on the date of the assault, they do not show that Thrasher had a relationship with Quest Diagnostics and, therefore, they do not create an issue of material fact for trial. Because Thrasher was not an employee of Quest Diagnostics, it could not be held liable for negligent hiring or supervision.

{¶31} Even if Quest Diagnostics had been Thrasher's employer, Evans did not present evidence to show that it had actual or constructive knowledge of

Thrasher's criminal propensities. Quest Diagnostics' liability depended on a showing that Thrasher's sexual assault was reasonably foreseeable. *Wagoner v. United Dairy Farmers, Inc.*, 1st Dist. Hamilton No. C-990767, 2000 Ohio App. LEXIS 5320, *4 (Nov. 17, 2000). Thrasher's sexual assault on Evans was foreseeable only if Quest Diagnostics knew or should have known of his propensity to engage in similar tortious or criminal conduct. *Rozzi v. Star Personnel Serv., Inc.*, 12th Dist. Butler No. CA2006-07-162, 2007-Ohio-2555, ¶ 10; *Wagoner* at *5-6; *Steppe*, 136 Ohio App.3d at 466, 737 N.E.2d 58. "In the absence of a 'known criminal propensity,' a criminal act by an employee is not reasonably foreseeable." *Steppe*, 136 Ohio App.3d at 466, 737 N.E.2d 58.

{¶32} The only facts that Evans presented were that Thrasher was dressed as a woman and that Evans was on a protected floor with heightened security. These facts were insufficient to show that Thrasher's conduct was foreseeable. Consequently, even if Evans could have proved that an agency relationship existed between Quest Diagnostics and Thrasher, Quest Diagnostics still would not be liable for negligent hiring or supervision.

{¶33} We find no issues of material fact. Construing the evidence most strongly in Evans's favor, reasonable minds could come to but one conclusion—that Quest Diagnostics was not negligent in hiring or supervising Thrasher. Therefore, it was entitled to judgment as a matter of law, and the trial court did not err in granting its motion for summary judgment. We overrule Evans's third assignment of error.

### IV. Discovery Issues

{¶34} In his fourth assignment of error, Evans contends that the trial court abused its discretion when it failed to rule on his pending motions for contempt and to compel discovery before ruling on Quest Diagnostics' motion for summary

11

judgment. He argues that he was prevented from obtaining information vital to proving his case. This assignment of error is not well taken.

{¶35} An appellate court reviews a trial court's decision in discovery matters under an abuse-of-discretion standard. *Mauzy v. Kelly Serv., Inc.*, 75 Ohio St.3d 578, 592, 664 N.E.2d 1272 (1996): *University Hosp. v. Campbell*, 1st Dist. Hamilton No. C-110285, 2012-Ohio-1909, ¶ 8. But the trial court's discretion is not unlimited. "Although unusual, appellate courts will reverse a discovery order 'when the trial court has erroneously denied or limited discovery.' " *Mauzy* at 592, quoting 8 Wright, Miller & Marcus, *Federal Practice and Procedure*, Section 2006, 92 (2d Ed.1994).

{¶36} Evans served interrogatories on Quest Diagnostics, which objected to most of them. He filed a motion to compel, which the trial court granted. Subsequently, Quest Diagnostics served answers to the interrogatories, but it continued to object to a number of the questions. Evans than filed a motion asking the court to hold Quest Diagnostics in contempt. The trial court granted summary judgment in favor of Quest Diagnostics on the basis that "there is no evidence in any manner to show that they controlled, employed or supervised Chad Thrasher and the activities" on the day in question. It then overruled Evans's motion for contempt.

{¶37} We cannot hold that the trial court's decision was so unreasonable, arbitrary or unconscionable as to connote an abuse of discretion. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983); *Sherman v. Sherman*, 1st Dist. Hamilton No. C-120691, 2013-Ohio-3501, ¶ 12. The questions in the interrogatories were aimed at determining the dates and the terms of the contracts between University Hospital and Quest Diagnostics. But that information was not relevant given the evidence that Thrasher had no relationship whatsoever with Quest

Diagnostics. At the hearing on the issue, Evans even acknowledged that Thrasher had worked f0r a temporary agency.

{¶38} Further, Evans had had substantial time to conduct discovery before the trial court granted Quest Diagnostics' motion for summary judgment. He conducted very little discovery other than serving the interrogatories on Quest Diagnostics. Quest Diagnostics presented a number of affidavits providing evidence that Thrasher had never worked for and was never controlled or supervised by Quest Diagnostics, yet Evans never deposed any of those witnesses. If Evans needed more time to conduct discovery, the proper procedure would have been to file a motion for a continuance under Civ.R. 56(F). *See Anginoli v. Benenson Capital Co.*, 1st Dist. Hamilton No. C-980811, 1999 Ohio App. LEXIS 6218, *6-8 (Dec. 23, 1999). Consequently, we cannot hold that the trial court abused its discretion in overruling Evans's motion for contempt or in conducting discovery generally, and we overrule his fourth assignment of error.

### V. Alleged Bias and Prejudice

{¶39} Finally, in his fifth assignment of error, Evans contends that the trial court erred in allowing its own bias and prejudice against Evans to influence its decisions. He cites various instances of hostility shown to him by the trial judge initially assigned to the case and then by a visiting judge, who was assigned to the case after the first judge had recused himself because Evans had filed an affidavit of bias and prejudice.

{¶40} First, the record does not show the alleged instances of hostility to which Evans refers. Second, some of the claims relate to the judge initially assigned to the case. But that judge recused himself, and Evans has not demonstrated how any of those alleged instances of animosity prejudiced him.

13

{**¶41**}   The other claims related to the conduct of the visiting judge.   But Evans did not file an affidavit of bias and prejudice against that judge with the Ohio Supreme Court, which is the proper avenue of redress for a party that believes the trial court is biased, and he cannot now raise the issue for the first time on appeal. R.C. 2701.03; *Battersby v. Avatar, Inc.*, 157 Ohio App.3d 648, 2004-Ohio-3324 813 N.E.2d 46, ¶ 18 (1st Dist.).   Consequently, we overrule Evans's fifth assignment of error, and we affirm the trial court's judgment.

Judgment affirmed.

**HILDEBRANDT, P.J.,** and **FISCHER, J.,** concur.

Please note:
       The court has recorded its own entry on the date of the release of this opinion.