[Cite as *A.R. v. Tomkins*, 2015-Ohio-3970.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| A.R. and Mi.R., Individually and on behalf of their ward, Ma.R., | : | APPEAL NO. C-140668 |
| | | TRIAL NO. A-1209408 |
| Plaintiffs-Appellants, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | : | |
| ELAINE TOMKINS, | : | |
| and | : | |
| MOTORISTS MUTUAL INSURANCE COMPANY, | : | |
| Defendants-Appellees, | : | |
| and | : | |
| RICHARD TOMKINS, | : | |
| Defendant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: September 30, 2015

*Kircher Law Office, LLC, Konrad Kircher* and *Ryan J. McGraw,* and *Faulkner & Tepe, LLP,* and *Joseph T. Mordino,* for Plaintiffs-Appellants,

*Davis & Young, Richard M. Garner* and *Sonny L. Horacek,* for Defendant-Appellee Motorists Mutual Insurance Company,

*Garvey Shearer, PSC, John J. Garvey, III,* and *Jason Abeln,* for Defendant-Appellee Elaine Tomkins.

Please note: this case has been removed from the accelerated calendar.

**MOCK, Judge.**

{¶1}     In two assignments of error, plaintiffs-appellants A.R. and Mi.R. ("the parents") claim that the trial court erred in granting the motions for summary judgment filed separately by defendants-appellees Elaine Tomkins and Motorists Mutual Insurance Company ("Motorists Mutual"). We affirm the judgments of the trial court.

### Ongoing Abuse Leads to Prison and Litigation

{¶2}     Defendant Richard Tomkins sexually abused Ma.R., the son of the parents, over the course of several years. Richard first met Ma.R. at a local swim club, where Richard did work as a handyman. Ma.R. took an interest in Richard's work, and the pair worked together on different projects. Ma.R. would also accompany Richard to a property that Richard owned with his wife, Elaine. The sexual abuse took place both at the swim club and the property. Both Richard and Ma.R. actively concealed the abuse from their respective families. According to the record, Elaine only saw Ma.R. on the property with Richard one time, and there was nothing particularly noteworthy about that encounter. After the abuse came to light, Richard was convicted and sentenced to prison for his conduct.

{¶3}     The parents filed a complaint against both Richard and Elaine. Motorists Mutual, the Tomkinses' insurer, then intervened and sought a declaratory judgment stating that it had no duty to either defend or indemnify the Tomkinses. Both Elaine and Motorists Mutual filed motions for summary judgment. On April 22, 2014, the trial court granted Elaine's motion for summary judgment. On July 10, 2014, the parents dropped their claims against Richard Tomkins. On November 5,

2014, the trial court granted Motorists Mutual's motion for summary judgment. The parents filed their notice of appeal on November 18, 2014.

### The Appeal Was Timely Filed

{¶4} Before considering the merits of the parents' first assignment of error, we first address the argument that the appeal from the judgment in favor of Elaine was untimely. Elaine argues that the parents were required to have appealed the decision within 28 days of its entry on April 22, 2014. We disagree.

{¶5} This court is limited to reviewing only final, appealable orders. *See* Ohio Constitution, Article IV, Section 3(B)(2). "An order of a court is a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met." *Chef Italiano Corp. v. Kent State Univ.,* 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus. Civ.R. 54(B) states that

> [i]n the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment * * *.

Unless the trial court specifically makes the determination that there is no just reason for delay, the order is subject to modification and can be neither final nor appealable. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989).

{¶6} The trial court did not issue a final, appealable order when it granted Elaine Tomkins's motion for summary judgment. At the time that entry was filed, claims remained pending against Richard Tomkins, and the declaratory-judgment action had not yet been resolved. Since that determination did not terminate the

action, and the trial court failed to make a finding pursuant to Civ.R. 54(B), the parents timely filed their notice of appeal upon the conclusion of the litigation.

**Lack of Notice Prevents Judgment Against Elaine Tomkins**

{¶7}     In their first assignment of error, the parents claim that the trial court erred when it granted Elaine Tomkins's motion for summary judgment.  We review the grant of summary judgment de novo.  *Doe v. Shaffer*, 90 Ohio St.3d 388, 390, 738 N.E.2d 1243 (2000).  Summary judgment is appropriate if (1) no genuine issue of material fact exists for trial, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor.  *Evans v. Thrasher*, 1st Dist. Hamilton No. C-120783, 2013-Ohio-4776, ¶ 25 (1st Dist.);  *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶8}     On appeal, the parents have limited their argument to whether Elaine was negligent under a premises-liability theory.  They argue that Ma.R. was a business invitee and that Elaine failed to exercise ordinary care to protect him from being sexually abused on the premises when she knew or should have known that this was a danger.  But the record fails to demonstrate that Elaine knew or should have known that Ma.R. was in peril.

{¶9}     In her deposition, Elaine testified that she had only seen Ma.R. once at the property with Richard.  Additionally, she testified that she had no reason to know or suspect that Richard was sexually abusing Ma.R.  Likewise, during his deposition, Ma.R. testified that he had only seen Elaine one time.  Richard testified that he never told Elaine about the abuse and that Elaine never knew that the abuse

was occurring. And both Ma.R. and Richard testified that they actively concealed the abuse from others.

{¶10} The parents offered an affidavit by Mi.R. that stated she had seen Elaine several times at the pool, that Elaine had seen Ma.R. several times at the pool, and that she had three or four conversations with Elaine at the pool. The affidavit then concludes that Elaine "could not have missed the obvious fact that Ma.R. was regularly Richard's apprentice at the pool." But this testimony is insufficient to create a genuine issue of material fact as to whether Elaine knew or should have known that Richard was sexually abusing Ma.R. Elaine was entitled to judgment as a matter of law. We overrule the parents' first assignment of error.

### There Can Be No Coverage Absent a Viable Claim

{¶11} In their second assignment of error, the parents claim that the trial court improperly granted summary judgment to Motorists Mutual. The policy between Motorists Mutual and the Tomkinses stated that

> [i]f a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will * * * pay up to our limit for damages for which the "insured" is legally liable * * *.

Because the trial court properly granted summary judgment in favor of Elaine, she is not "legally liable" for any damages.

{¶12} As the parents note in framing their second assignment of error, an insurance carrier is required to indemnify its insured for her negligence. But, as we have established, the parents have failed to establish that Elaine acted negligently. With no viable claim against which to indemnify in this case, Motorists Mutual was

not required to indemnify her. We therefore overrule the parents' second assignment of error.

{¶13} Having considered and overruled both assignments of error, we affirm the judgments of the trial court.

Judgments affirmed.

**CUNNINGHAM, P.J.**, and **STAUTBERG, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.