[Cite as *Sitton v. Massage Odyssey, L.L.C.*, 2020-Ohio-4282.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| DINA SITTON, | : | APPEAL NO. C-190578 |
| | | TRIAL NO. A-1804742 |
| Plaintiff-Appellant, | : | |
| vs. | | *O P I N I O N.* |
| | : | |
| MASSAGE ODYSSEY, LLC, | | |
| and | : | |
| JOYCE M. MOOREHEAD, | : | |
| Defendants-Appellees, | : | |
| and | : | |
| DORIAN WHITE, | : | |
| and | : | |
| ALEXANDER MILLER, | : | |
| Defendants. | : | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 2, 2020


*Thomas Law Offices, PLLC,* and *Louise C. Schneider*, for Plaintiff-Appellant Dina Sitton,

*Reminger Co. L.P.A.* and *Joseph W. Borchelt*, for Defendants-Appellees Massage Odyssey, LLC, and Joyce Moorehead.

**BERGERON, Judge.**

{¶1}    In this case involving a sexual assault occurring during the midst of a massage, the offending masseur was convicted for sexual imposition and held civilly liable to his erstwhile client.  The client now seeks to hold the massage parlor accountable for the masseur's sins, but we agree with the trial court that, under a proper reading of Ohio law, the record reveals no basis for such liability.  We accordingly affirm the trial court's judgment.

I.

{¶2}    In November 2016, plaintiff-appellant Dina Sitton went for a scheduled massage at defendant-appellee Massage Odyssey LLC's ("Massage Odyssey") Winton Road location with massage therapist Alexander Miller. Unfortunately, a supposedly relaxing experience took a more sinister turn when Mr. Miller inappropriately touched Ms. Sitton during the massage.  Immediately halting the massage, Ms. Sitton left the parlor and reported the incident to the relevant authorities.  This ultimately led to an investigation and conviction of Mr. Miller for sexual imposition under R.C. 2907.06.

{¶3}    A lawsuit also ensued, with Ms. Sitton filing suit in August 2018 based on this incident.  The complaint featured claims against Massage Odyssey, its owners Joyce Moorehead and Dorian White, and Mr. Miller, for claims of personal injury, respondeat superior, and negligent hiring, retention, and supervision.  After Mr. Miller failed to answer the suit, the trial court entered a default judgment against him, along with a subsequent award of damages to Ms. Sitton.

{¶4}    The remaining defendants (although Mr. White was later dismissed from the suit) eventually moved for summary judgment on the pending claims, maintaining that no liability attached because Mr. Miller was an independent

contractor, he did not act within the scope of his employment, and they challenged the foreseeability of the sexual assault against Ms. Sitton. Although Ms. Sitton opposed the motion, the trial court ultimately agreed with the defendants, granting summary judgment in favor of Massage Odyssey and Ms. Moorehead. With respect to the respondeat superior claim, the trial court found that Mr. Miller was an independent contractor, but also determined that the sexual assault fell outside of the scope of his employment (even if he should be categorized as an employee). As to Ms. Sitton's negligent hiring, supervision, and retention claims, the trial court saw a lack of evidence on foreseeability, which precluded any liability.

{¶5} Ms. Sitton promptly appealed the decision and now raises two assignments of error, challenging the grant of summary judgment as to the respondeat superior and negligent hiring and supervision theories.

II.

{¶6} We review a summary judgment decision de novo, construing the evidence in the light most favorable to the nonmovant. *See Pitzer v. City of Blue Ash*, 1st Dist. Hamilton No. C-180033, 2019-Ohio-2889, ¶ 5; *9900 Timbers Dr. Investment LLC v. Nan Li,* 1st Dist. Hamilton No. C-190224, 2020-Ohio-1473, ¶ 7.

A.

{¶7} Initially, the parties quibble over whether Ms. Sitton may properly address the issue of Mr. Miller's alleged independent contractor status on appeal, in light of her failure to contest the evidence that Massage Odyssey presented establishing his independent contractor status on summary judgment. A tortfeasor's status as an independent contractor assumes relevance here because if Mr. Miller were deemed an independent contractor then Massage Odyssey would lack the necessary control over him for the imposition of vicarious liability. *See Comer v.*

*Risko,* 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 18 (noting that under the doctrine of respondeat superior, a principal is not liable for torts of an independent contractor over whom it retained no control). Surveying the evidence, the trial court deemed Mr. Miller an independent contractor, but it also resolved the issues of liability under respondeat superior by finding that he acted outside the scope of employment in any event. As we conclude that no liability exists under the circumstances of this case regardless of Mr. Miller's possible status as an employee, we assume without deciding that he acted as an employee for present purposes, pretermitting any need to further ponder independent contractor status.

{¶8} In Ohio, the doctrine of respondeat superior can hold an employer or principal vicariously liable for the tort of its employee or agent in certain circumstances. *Auer v. Paliath,* 140 Ohio St.3d 276, 2014-Ohio-3632, 17 N.E.3d 561, ¶ 13. For liability purposes, the tort must be committed within the scope of employment. *Id.* Moreover, in dealing with an intentional tort, as is at issue here, to fall within the scope of employment, "the employee's behavior must have been calculated to facilitate or promote the employer's business." *Linder v. Am. Natl. Ins. Co.,* 155 Ohio App.3d 30, 2003-Ohio-5394, 798 N.E.2d 1190, ¶ 25 (1st Dist.); *Byrd v. Faber*, 57 Ohio St.3d 56, 59, 565 N.E. 2d 584 (1991) (noting by way of example that "an employer might be liable for an injury inflicted by an employee in the course of removal of a patron"). In other words, a successful claim for respondeat superior demonstrates that a principal-agent relationship exists (e.g., employer and employee) and that the perpetrator committed a tortious act within the scope of employment.

{¶9} Here, it is undisputed that Mr. Miller's encounter with Ms. Sitton resulted in a conviction for sexual imposition. Therefore, Ms. Sitton sought to

4

impose vicarious liability on Massage Odyssey for the sexual assault that Mr. Miller perpetrated against her during the massage. Ohio courts have recognized, however, that an "intentional tort such as sexual assault or rape, 'which in no way facilitates or promotes the employer's business, is so far outside the scope of employment that employers should not be held liable for such acts under the doctrine of respondeat superior or vicarious liability.' " *Simpkins v. Grace Brethren Church of Delaware*, 2014-Ohio-3465, 16 N.E.3d 687, ¶ 50 (5th Dist.), quoting *Stephens v. A-Able Rents Co.,* 101 Ohio App.3d 20, 30, 654 N.E.2d 1315 (8th Dist.1995) (noting distinctions between theories of recovery based on respondeat superior versus negligent hiring, supervision, and retention claims); *Kingston Mound Manor I v. Keeton*, 4th Dist. Pickaway No. 18CA15, 2019-Ohio-3260, ¶ 25 (same); *Byrd* at 59 (no respondeat superior liability for pastor's nonconsensual sexual conduct with parishioner because outside of the scope of employment). We reached a similar conclusion in finding that a sexual assault by an employee upon a client of the employer's business would in no way facilitate that business, thereby precluding vicarious liability. *Evans v. Thrasher*, 1st Dist. Hamilton No. C-120783, 2013-Ohio-4776, ¶ 21 (alleged agent's sexual assault of a hospital's patient in no way facilitated the hospital's business).

{¶10} Faced with this authority, Ms. Sitton tries to stave off summary judgment by insisting that the scope of employment issue remains a question of fact for the jury. But calling something a question of fact does not obviate the need to produce some evidence. Ms. Sitton simply presented no evidence that Massage Odyssey somehow promoted sexual assault as part of its business, that it hired Mr. Miller for the purpose of engaging in such activities, or anything else probative that would suggest that he was actually acting in the scope of employment consistent with the extant caselaw. *See Byrd* at 59-60 (doctrine of respondeat superior inapplicable

where church "in no way promotes or advocates nonconsensual sexual conduct" and did not hire the pastor to "rape, seduce, or otherwise physically assault members of his congregation."). Put another way, Mr. Miller's actions could not have been reasonably calculated to promote or facilitate Massage Odyssey's business on the record at hand, rendering his conduct outside the scope of employment. For those reasons, we overrule Ms. Sitton's first assignment of error.

B.

{¶11} Ms. Sitton's more promising theory (featured in her second assignment of error) involves her claims of "negligent hiring, training, and supervision"—but these again falter on problems of proof. To prevail on such a claim, a plaintiff must demonstrate:

> (1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of the employee's incompetence; (4) the employee's act or omission caused the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee was the proximate cause of the plaintiff's injuries.

*Evans* at ¶ 26, citing *Ruta v. Breckenridge–Remy Corp.,* 69 Ohio St.2d 66, 69, 430 N.E.2d 935 (1982). Here, the viability of Ms. Sitton's claims turned on the foreseeability of Mr. Miller's sexual assault. The record, however, is barren of any such evidence—no prior related actions by Mr. Miller or awareness of such proclivities by Massage Odyssey. *See Wynne v. Duke Energy Ohio, Inc.,* 1st Dist. Hamilton No. C-130781, 2014-Ohio-3464, ¶ 14 ("Entry of summary judgment is appropriate against a party who fails to establish the existence of an element essential to the party's case upon which the party bears the burden of proof[.]"). In

6

seeking to satisfy that requirement, Ms. Sitton places all of her eggs in the basket that Mr. Miller misrepresented the status of his massage license to Massage Odyssey and that the company failed to uncover the ruse. But this is too slender a reed on which to support a foreseeability claim on these facts.

{¶12} In evaluating the foreseeability of an employee's conduct for a negligent hiring, supervision, or retention claim, the plaintiff must show that the employer knew or should have known of the employee's "propensity to engage in similar tortious or criminal conduct." *Evans* at ¶ 31 (fact that male employee dressed as a woman and was on a protected floor was insufficient to show that employee's sexual assault of a hospital patient was foreseeable); *Steppe v. Kmart Stores,* 136 Ohio App.3d 454, 466, 737 N.E.2d 58 (8th Dist.1999) ("In the absence of a 'known criminal propensity,' a criminal act by an employee is not reasonably foreseeable."). This may be established by presenting evidence of the employer's actual or constructive knowledge of the employee's criminal tendencies. *Evans* at ¶ 31 ("Plaintiff] did not present evidence to show that [employer] had actual or constructive knowledge of [employee's] criminal propensities.").

{¶13} Mr. Miller had obtained all of the requisites for a massage license (including education, training, and the like) but neglected to pay the roughly $200 licensure fee (the record sheds no light on the reason for his omission). While his representation that he was fully licensed to Massage Odyssey certainly was inaccurate, that is a far cry from a red flag that he might perpetrate a sexual assault. Ms. Sitton insists, however, that this misrepresentation reflected his untrustworthiness and that, if left unsupervised, he might well violate a client's trust. But the resume inflation regarding Mr. Miller's massage license is legally insufficient to establish the foreseeability of his sexual assault of Ms. Sitton. *See Wagoner ex rel.*

7

*Washburn v. United Dairy Farmers, Inc.*, 1st Dist. Hamilton No. C-990767, 2000 WL 1714252, *2 (Nov. 17, 2000) (instances of prior behavior cited by the plaintiffs did not establish foreseeability of employee's conduct where prior conduct was sexual in nature, but neither criminal nor tortious). Ms. Sitton needed to show that Massage Odyssey knew or should have known that Mr. Miller had a "propensity to engage in similar tortious or criminal conduct." *Evans* at ¶ 31; *Rozzi v. Star Personnel Sers., Inc.,* 12th Dist. Butler No. CA2006-07-162, 2007-Ohio-2555, ¶ 10-13 (employee's criminal background would not have revealed violent propensities where past offenses that hinted at violence were dismissed or pleaded to lower offense and therefore conduct was not foreseeable so as to create liability for negligent hiring). But a misrepresentation of this ilk falls short of the "similar misconduct" indicative of a propensity to perpetrate sexual assault. *See Wagoner* at *2 (where no prior instances of similar misconduct existed, the plaintiff, as a matter of law, could not demonstrate that employee's subsequent criminal conduct was foreseeable).

{¶14} Therefore, even if, as Ms. Sitton claims, an investigation into Mr. Miller's license would have revealed some incompetence or dishonesty, this would not have sounded the alarm about the prospect for a later sexual assault. Under the circumstances presented here, because Ms. Sitton failed to point to any prior instances of similar misconduct by Mr. Miller which may give rise to foreseeability of his criminal conduct, no liability arises under a negligent hiring, supervision, or retention theory. We accordingly overrule her second assignment of error.

{¶15} In conclusion, we find that no genuine issues of material fact exist in the current case. Construing the evidence most strongly in Ms. Sitton's favor, reasonable minds could come to only one conclusion, which is that Massage Odyssey and Ms. Moorehead are not liable for her injuries as result of Mr. Miller's actions,

under either the theory of respondeat superior or negligent hiring, supervision, or retention. While we certainly sympathize with Ms. Sitton for what she had to endure, we cannot disregard the settled requirements of Ohio law that bar her claim on the record at hand. We accordingly overrule both Ms. Sitton's assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**MOCK, P.J.,** and **WINKLER, J.,** concur.

Please note:
      The court has recorded its own entry this date.